# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05045-RGK-MAR | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Fernando Navarette v. Arden Companies Global Enterprises, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On April 2, 2021, Fernando Navarette ("Plaintiff") filed a complaint against Arden Companies Global Enterprises, Inc. ("Defendant") for purported wage and hour violations under California law. Plaintiff seeks to represent a putative class of Defendant's non-exempt employees. Plaintiff served Defendant with the Complaint on May 20, 2021. Defendant removed the action to federal court on June 17, 2021 based on diversity jurisdiction. The case was then transferred to this Court on June 21, 2021. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

A civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed. Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000.

28 U.S.C. § 1332 provides that district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court based on § 1332 bears the burden of proving that the amount in controversy is satisfied. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007); *see Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (recognizing the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant."). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Id.*

Defendant's Notice of Removal estimates that Plaintiff is seeking $11,196 for himself based on the wage and hour violations. (Notice Removal ¶ 26). To make up the remaining amount in controversy,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05045-RGK-MAR | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Fernando Navarette v. Arden Companies Global Enterprises, Inc. et al* | | |

Defendant relies solely on potential attorneys' fees. (*See id.* ¶¶ 27-29). While attorneys' fees may be considered when calculating attorney's fees, Defendant's reliance on these fees is entirely speculative. Defendant, for example, simply cites the fact that Plaintiff's law firm has received $180,000 in fees for a wage and hour class action in another case without any explanation or reasoning for why these two cases would be similar.

Defendant's string cite in the following paragraph is similarly unavailing. One explanatory parenthetical states that the attorney rate for wage and hour class actions is typically $400 per hour and the number of hours expended on such cases usually exceeds 100 hours. (*Id.* ¶ 28). Even assuming that were true, and granting that Plaintiff's attorney would work 150 hours, the attorney's fees would still only be $60,000. Combined with Plaintiff's potential wage recovery only equals about $71,000. That amount still falls short of the jurisdictional minimum.

Taken together, Defendant has failed to plausibly allege that the amount in controversy exceeds $75,000 as required for diversity jurisdiction. The Court thus **remands** the action to state court for all further proceedings.

This case is hereby **REMANDED** to state court.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer _____